UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Alexandria Division

|  |  |
|---|---|
| **JASON LEVITT**, *et al.*, <br><br> **Plaintiffs,** <br><br> **v.** <br><br> **JOSHUA KAUFFMAN**, *et al.*, <br><br> **Defendants**. | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)  **Civil Action No. 1:10cv296 (AJT/IDD)**<br>)<br>)<br>)<br>)<br>)<br>)<br>) |

<u>**PLAINTIFF'S ANSWER AND GROUNDS FOR DEFENSE TO COUNTERCLAIM**</u>

Plaintiffs Jason Levitt and Full Spectrum Power LLC (collectively "Plaintiffs"), by and through counsel, hereby answer the Counterclaim filed by Defendants Joshua Kauffman ("Kauffman") and Navitus Group LLC ("Navitus")(collectively "Defendants"). Plaintiffs, deny, admit and otherwise aver as follows:

<u>RESPONSES TO NUMBERED PARAGRAPHS</u>

1.      Admitted.

2.      Admitted.

3.      Plaintiffs are without sufficient information to admit or deny the allegations contained in paragraph 3 of the Counterclaim and therefore deny same, except that Plaintiffs admit Defendants have manufactured and sold motorcycle batteries in the past.

4.      Admitted.

5.      Admitted.

6.      Admitted.

7.      Admitted.

8.      Plaintiffs lack sufficient information to admit or deny the allegations concerning Kauffman's alleged "expertise in advanced battery technology" and therefore deny same. Plaintiffs deny that Kauffman developed the SPEEDCELL battery technology "without any assistance from Plaintiffs."

9.      Plaintiffs are without sufficient information to admit or deny the allegations contained in Paragraph 9 of the Counterclaim and therefore deny same.

10.      Plaintiffs are without sufficient information to admit or deny the allegations contained in Paragraph 10 of the Counterclaim and therefore deny same.

11.      Plaintiffs are without sufficient information to admit or deny the allegations contained in Paragraph 11 of the Counterclaim and therefore deny same.

12.      Plaintiffs are without sufficient information to admit or deny the allegations contained in Paragraph 12 of the Counterclaim and therefore deny same.

13.      Plaintiffs are without sufficient information to admit or deny the allegations contained in Paragraph 13 of the Counterclaim and therefore deny same.

14.      Plaintiffs are without sufficient information to admit or deny the allegations contained in Paragraph 14 of the Counterclaim and therefore deny same.

15.      Plaintiffs are without sufficient information to admit or deny the allegations contained in Paragraph 15 of the Counterclaim and therefore deny same.

16.      Plaintiffs are without sufficient information to admit or deny the allegations contained in Paragraph 16 of the Counterclaim and therefore deny same.

17.     Plaintiffs are without sufficient information to admit or deny the allegations contained in Paragraph 17 of the Counterclaim and therefore deny same.

18.     Plaintiffs are without sufficient information to admit or deny the allegations contained in Paragraph 18 of the Counterclaim and therefore deny same.

19.     Plaintiffs deny the allegations contained within Paragraph 19 of the Counterclaim to the extent they state that Kauffman developed the SPEEDCELL battery independently and before his association with Mr. Levitt.

20.     Plaintiffs are without sufficient information to admit or deny the allegations contained in Paragraph 20 of the Counterclaim and therefore deny same.

21.     Plaintiffs deny that Kauffamn developed the SPEEDCELL battery independently and before his association with Mr. Levitt.

22.     Plaintiffs are without sufficient information to admit or deny the allegations contained in Paragraph 22 of the Counterclaim and therefore deny same.

23.     Plaintiffs are without sufficient information to admit or deny the allegations contained in Paragraph 23 of the Counterclaim and therefore deny same.

24.     Plaintiffs are without sufficient information to admit or deny the allegations contained in Paragraph 24 of the Counterclaim and therefore deny same.

25.     Plaintiffs are without sufficient information to admit or deny the allegations contained in Paragraph 25 of the Counterclaim and therefore deny same.

26.     Plaintiffs are without sufficient information to admit or deny the allegations contained in Paragraph 26 of the Counterclaim with respect to the name "Speedpacks"and therefore deny same.  All allegations concerning the name "SPEEDCELL" are denied.

27.     Plaintiffs are without sufficient information to admit or deny the allegations contained in Paragraph 27 of the Counterclaim and therefore deny same.

28.     Plaintiffs are without sufficient information to admit or deny the allegations contained in Paragraph 28 of the Counterclaim concerning use of the name "Lightweight Energy Solutions" and therefore deny same.  All allegations concerning the name "SPEEDCELL" are denied.

29.     Plaintiffs are without sufficient information to admit or deny the allegations contained in Paragraph 29 of the Counterclaim and therefore deny same.  To the extent Paragraph 29 suggests that the SPEEDCELL Mark belonged to Defendants or that Mr. Kauffman was selling SPEEDCELL batteries before he began working with Mr. Levitt, those allegations are denied.

30.     Denied.  Mr. Kauffman initially approached Mr. Levitt regarding technical issues related to his racing bike that were unrelated to batteries.

31.     Plaintiffs admit the allegations contained within Paragraph 31 of the Counterclaim but deny that any of the parts discussed in that paragraph were batteries or were related to batteries.  To the best of Plaintiffs' knowledge, Metric Twins was not used to sell or market batteries.

32.     Plaintiffs are without sufficient information to admit or deny the allegations concerning what Kauffman subjectively believed and therefore deny those allegations, to the extent they require any response.  Plaintiffs admit that at that time Levitt had a full time job in Virginia.

33.     Plaintiffs deny the allegations in Paragraph 33 of the Counterclaim. Mr. Levitt never met Mr. Kauffman in person and Plaintiffs deny the implication that the SPEEDCELL

4

battery technology was proprietary to Defendants and was complete at the time Mr.Kauffman and Mr. Levitt first began working together.

34.     Plaintiffs are without sufficient information to admit or deny the allegations contained in Paragraph 34 of the Counterclaim and therefore deny same.

35.     Plaintiffs are without sufficient information to admit or deny the allegations contained in Paragraph 35 of the Counterclaim and therefore deny same.

36.     Plaintiffs are without sufficient information to admit or deny the allegations contained in Paragraph 36 of the Counterclaim and therefore deny same.

37.     Plaintiffs are without sufficient information to admit or deny the allegations contained in Paragraph 37 of the Counterclaim concerning Mr. Kauffman's sale of battery products and therefore deny same.  To the extent the allegation is that the batteries Mr. Kauffman were selling bore the SPEEDCELL Mark or were called "SPEEDCELL" in the marketplace by "late July 2008," that allegation is specifically denied.

38.     Plaintiffs are without sufficient information to admit or deny the allegations contained in Paragraph 38 of the Counterclaim and therefore deny same.  To the extent Paragraph 38 suggests that batteries in Mr. Kauffman's possession in early August 2008 bore the mark "SPEEDCELL" or were called "SPEEDCELL" in the marketplace, that allegation is specifically denied.

39.     Plaintiffs are without sufficient information to admit or deny the allegations contained in Paragraph 39 of the Counterclaim and therefore deny same.  To the extent Paragraph 39 suggests that batteries in Mr. Kauffman's possession in August 2008 bore the mark "SPEEDCELL" or were called "SPEEDCELL" in the marketplace, that allegation is denied.

40.     Paragraph 40 contains allegations that are too vague to permit Plaintiff to form a response and the allegations are therefore denied.  To the extent Paragraph 40 suggests that Kauffman was selling "quite a few" batteries that bore the mark "SPEEDCELL" or were called "SPEEDCELL" in the marketplace in September 2008, that allegation is denied.

41.     Denied

42.     Denied.

43.     Denied.

44.     Denied.

45.     Plaintiffs admit the allegations contained in Paragraph 45 to the extent that Mr. Levitt and Mr. Kauffman had many conversations regarding the batteries as they were working together at the time.  All other allegations in this Paragraph are denied.

46.     Denied.

47.     Plaintiffs admit the allegations contained in Paragraph 47 of the Counterclaim to the extent that during Mr. Levitt's testing of the batteries he determined that the batteries did not perform well in cold weather.  All other allegations in this paragraph are denied.

48.     Plaintiffs deny the allegations contained in Paragraph 48 of the Counterclaim except admit that the SPEEDCELL batteries were receiving positive reviews on internet forums and demand for those batteries was increasing.

49.     Plaintiffs deny the allegations contained in Paragraph 49 of the Counterclaim except admit that Mr. Levitt was active on several internet forums.

50.     Plaintiffs admit the allegations contained in Paragraph 50 of the Counterclaim.

51.     Plaintiffs admit that, at times, Mr. Kauffman incorrectly identified himself as the owner of SPEEDCELL.  Plaintiffs further state that Mr. Levitt felt it was inappropriate to discuss

his business dealings with Mr. Kauffman in public forums.  Plaintiffs deny all other allegations in this paragraph.

52.     Plaintiffs deny the allegations contained in Paragraph 52 of the Counterclaim except admit that Mr. Levitt did not discuss his business dealings with Mr. Kauffman in public forums.

53.     Plaintiffs are without sufficient information to admit or deny the allegations contained in Paragraph 53 of the Counterclaim and therefore deny same.  To the extent Paragraph 53 suggests that the SPEEDCELL Mark belonged to Defendants, that allegation is denied.

54.     Plaintiffs are without sufficient information to admit or deny the source of the first logo using the name SPEEDCELL, however Plaintiffs admit that more than one logo was designed.  To the extent Paragraph 54 suggests that the SPEEDCELL Mark belonged to Defendants, that allegation is denied.

55.     Plaintiffs admit that SPEEDCELL batteries have been sold to Motowheels, but are without sufficient knowledge as to the date of the first sale to Motowheels and therefore those allegations are denied.

56.     Plaintiffs are without sufficient information to admit or deny the allegations contained in Paragraph 56 of the Counterclaim and therefore deny same.  To the extent Paragraph 56 suggests that the SPEEDCELL Mark belonged to Defendants, that allegation is denied.

57.     Plaintiffs are without sufficient information to admit or deny the allegations contained in Paragraph 57 of the Counterclaim and therefore deny same.

58.     Plaintiffs are without sufficient information to admit or deny the allegations contained in Paragraph 58 of the Counterclaim and therefore deny same.   To the extent Paragraph 58 suggests that the SPEEDCELL Mark belonged to Defendants, that allegation is denied.

59.     Denied.

60.     Denied.

61.     Denied.

62.     Denied.

63.     Denied.

64.     Plaintiffs deny the allegations contained in Paragraph 64 of the Counterclaim except admit that Mr. Levitt posted to the Speedzilla thread that he was selling SPEEDCELL batteries and that they were ready to ship.

65.     Denied.

66.     Denied.  It was Mr. Levitt's idea to change the SPEEDCELL logo, and Mr. Levitt undertook all necessary steps to commission the new SPEEDCELL logo.

67.     Denied.

68.     Denied.

69.     Denied.  Mr. Kauffman had no involvement with the development of the new SPEEDCELL logo.

70.     Denied.

71.     Plaintiffs admit that Mr. Levitt had many conversations regarding the use of websites in the marketing of SPEEDCELL batteries.  Plaintiffs are without sufficient information to admit or deny whether this specific conversation took place as represented in Paragraph 71 of

the Counterclaim.  To the extent Paragraph 71 suggests that the SPEEDCELL Mark belonged to Defendants, that allegation is denied.

72.     Plaintiffs deny that Mr. Levitt was required to inform or request permission from Mr. Kauffman to register domain names with his own SPEEDCELL Mark.  Plaintiffs admit that Mr. Levitt registered www.speed-cell.com.

73.     Admitted.

74.     Plaintiffs deny the allegations contained in Paragraph 74 of the Counterclaim except admit that Mr. Levitt registered www.speed-cell.com.

75.     Plaintiffs deny the allegations contained in Paragraph 75 of the Counterclaim except admit that Mr. Levitt registered www.speed-cell.com.

76.     Admitted.

77.     Plaintiffs admit that Mr. Kauffman initially objected to the use of www.speed-cell.com,  however Plaintiffs state that Mr. Kauffman ultimately agreed to the use of that domain name.

78.     Plaintiffs admit that Mr. Levitt and Mr. Kauffman agreed to redirect www.speedcell.org to www.speed-cell.com.  Plaintiffs also admit that, while working together, the parties initially discussed transferring ownership of the domain name www.speed-cell.com to Mr. Kauffman.  Plaintiffs further state that the parties later agreed that Mr. Levitt would exclusively control the website, and, therefore, he would keep ownership of the domain name. All other allegations in this paragraph are denied.

79.     Plaintiffs admit that Mr. Levitt's ex-wife, Amy, uploaded a "splash page" containing the SPEEDCELL Mark.  The quote contained in Paragraph 79 of the Counterclaim that Mr. Levitt allegedly stated to Mr. Kauffman "it's your company" is taken out of context and

is misrepresented.  Mr. Kauffman asked Mr. Levitt to work for Mr. Kauffman's company, Navitus Group.  Mr. Levitt refused and stated that Navitus was Mr. Kauffman's company. SPEEDCELL is not a company, it is a product line, and thus, the statement, "it's your company" could never be properly construed to relate to SPEEDCELL.  To the extent Paragraph 79 suggests that SPEEDCELL Mark belonged to Defendants, that allegation is denied.

80.  Plaintiffs admit that Mr. Levitt discussed with Mr. Kauffman selling SPEEDCELL batteries from the Full Spectrum Power website.  Mr. Levitt and Mr. Kauffman initially agreed that SPEEDCELL batteries would be sold from both the Full Spectrum Power website and from www.speed-cell.com.  To the extent Paragraph 80 suggests that the SPEEDCELL Mark belonged to Defendants, that allegation is denied.

81.  Denied.

82.  Denied.

83.  Denied.

84.  Denied.

85.  Plaintiffs admit that Mr. Levitt has operated under the name Full Spectrum Power. SPEEDCELL was not the name of a company, rather it was a product line.  No one ever "operated" under the name SPEEDCELL.  Plaintiffs deny all other allegations contained in this paragraph.

86.  Denied.

87.  Plaintiffs are without sufficient information to admit or deny the allegations contained in Paragraph 87 concerning Kauffman's "connections" and his alleged surveillance of Mr. Levitt  and therefore deny those allegations.  All other allegations are denied.

88.  Denied.

89.     Denied.

90.     Plaintiffs admit that Mr. Levitt never approved of SPEEDCELL batteries being sold by specific other dealers and distributors. Plaintiffs deny all other allegations contained in this paragraph.

91.     Denied.

92.     Denied.

93.     Denied.

94.     Denied.

95.     Denied.

96.     Denied.

97.     Denied.

98.     Denied.

99.     Denied.

100.    Denied.

101.    Denied.

102.    Plaintiffs deny the allegations contained in Paragraph 102 of the Counterclaim except admit that Mr. Levitt requested that Mr. Kauffman ship batteries in larger lots, which would reduce shipping costs.

103.    Denied.

104.    Denied.

105.    Denied.

106.    Denied.

107.    Denied.

108.    Denied.

109.    Denied.

110.    Denied.

111.    Denied.

112.    Denied.

113.    Denied.

114.    Plaintiffs are without sufficient information to admit or deny the allegations contained in Paragraph 114 concerning what Kauffman and unnamed "others" subjectively believe and therefore deny those allegations.   All other allegations concerning Plaintiffs' manufacturing processes are denied.

115.    Plaintiffs are without sufficient information to admit or deny the allegations contained in Paragraph 115 of the Counterclaim and therefore deny same.

116.    Plaintiffs are without sufficient information to admit or deny the allegations contained in Paragraph 116 of the Counterclaim concerning Kauffman's and unnamed "others" "concerns" and "beliefs" and therefore deny those allegations.    Plaintiffs deny that their products are "inferior."

117.    Denied.

118.    Denied.

119.    Denied.

120.    Denied.

121.    Denied.

122.    Denied.  Plaintiffs have sold products to Orient Express, Inc. since June 2009.

123.    Denied.

124.    Plaintiffs deny that Mr. Levitt was required to inform or request permission from Mr. Kauffman to register domain names with his own SPEEDCELL Mark.  Plaintiffs admit that Mr. Levitt has registered the listed domain names.

125.    Plaintiffs deny that Mr. Levitt was required to inform or request permission from Mr. Kauffman to register domain names with his own SPEEDCELL Mark.  Plaintiffs admit that Mr. Levitt has registered the listed domain names.

126.    Plaintiffs admit that at the time Mr. Levitt registered the domain names he was aware that both SPEEDCELL and SPEEDCELL TECHNOLOGIES had been used in the marketplace.  To the extent Paragraph 126 suggests that the SPEEDCELL Mark belonged to Defendants, that allegation is denied.

127.    Denied.

128.    Denied.

129.    Plaintiffs deny that the domain names were registered for purposes specifically concerning Defendants because by that time Mr. Kauffman had indicated to Mr. Levitt that he no longer intended to pursue this business.  The registration of any domain name necessarily involves its exclusive use by the registrant.

130.    Denied.

131.    Plaintiffs are without sufficient information to admit or deny the allegations contained in Paragraph 131 of the Counterclaim and therefore deny same.

132.    Denied.

133.    Plaintiffs hereby incorporate their answers to Paragraphs 1-132 of the Counterclaim as if fully stated herein.

134.    Denied.

135.    Mr. Levitt and Mr. Kauffman were working together as early as August 2008. Plaintiffs are without sufficient information to admit or deny whether Mr. Kauffman has been continuously selling batteries since August 2008, but Plaintiffs state that Mr. Kauffman is known in the industry to have production problems and to fail to produce batteries as requested or agreed with distributors and customers.   To the extent Paragraph 135 suggests that the SPEEDCELL Mark belonged to Defendants, that allegation is denied.

136.    Denied.

137.    Plaintiffs deny the allegations contained in Paragraph 137 of the Counterclaim as no such agreement existed between the parties.

138.    Plaintiffs deny the allegations contained in Paragraph 138 of the Counterclaim as no such agreement existed between the parties.  All other allegations contained in this paragraph are denied.

139.    Plaintiffs deny the allegations contained in Paragraph 139 of the Counterclaim as no such agreement existed between the parties.  All other allegations contained in this paragraph are denied.

140.    Plaintiffs deny the allegations contained in Paragraph 140 of the Counterclaim as no such agreement existed between the parties.  All other allegations contained in this paragraph are denied.

141.    Plaintiffs deny the allegations contained in Paragraph 141 of the Counterclaim as no such agreement existed between the parties.  All other allegations contained in this paragraph are denied.

142.    Plaintiffs deny the allegations contained in Paragraph 142 of the Counterclaim as no such agreement existed between the parties.  All other allegations contained in this paragraph are denied.

143.    Plaintiffs deny the allegations contained in Paragraph 143 of the Counterclaim as no such agreement existed between the parties.  All other allegations contained in this paragraph are denied.

144.    Plaintiffs deny the allegations contained in Paragraph 144 of the Counterclaim as no such agreement existed between the parties.  All other allegations contained in this paragraph are denied.

145.    Denied.

146.    Denied.

147.    Denied.

148.    Denied.

149.    Denied.

150.    Paragraph 150 of the Counterclaim does not contain any factual allegations to which a response is required.  To the extent that any factual allegations are contained in Paragraph 150, they are denied.

151.    Plaintiffs hereby incorporate their answers to Paragraphs 1-150 of the Counterclaim as if fully stated herein.

152.    Denied.

153.    Mr. Levitt and Mr. Kauffman were working together as early as August 2008. Plaintiffs are without sufficient information to admit or deny whether Mr. Kauffman has been continuously selling batteries since August 2008, but Plaintiffs state that Mr. Kauffman is known

in the industry to have production problems and to fail to produce batteries as requested or agreed with distributors and customers.   To the extent Paragraph 153 suggests that the SPEEDCELL Mark belonged to Defendants, that allegation is denied.

154.   Admitted.

155.   Denied.

156.   Plaintiffs deny the allegations contained in Paragraph 156 and state that Plaintiffs have every right to use Plaintiffs' SPEEDCELL Mark as the owner of the SPEEDCELL Mark.

157.   Denied.

158.   Denied.

159.   Denied.

160.   The allegations contained within Paragraph 160 of the Counterclaim include conclusions of law to which no response is required.   To the extent that the allegations contained within this paragraph are factual in nature, the allegations are denied.

161.   Denied.

162.   Denied.

163.   The allegations contained within Paragraph 163 of the Counterclaim include conclusions of law to which no response is required.   To the extent that the allegations contained within this paragraph are factual in nature, the allegations are denied.

164.   Denied.

165.   The allegations contained within Paragraph 165 of the Counterclaim include conclusions of law to which no response is required.   To the extent that the allegations contained within this paragraph are factual in nature, the allegations are denied.

166.    Plaintiffs hereby incorporate their answers to Paragraphs 1-165 of the Counterclaim as if fully stated herein.

167.    Denied.

168.    Denied.

169.    Admit that Plaintiffs have never requested any consent from Defendants concerning the marks because no such consent was required.  To the extent Paragraph 169 suggests that the SPEEDCELL Mark belonged to Defendants, that allegation is denied.

170.    Admit that Defendants never consented to use by Plaintiffs of the marks because consent was not necessary.  To the extent Paragraph 170 suggests that the SPEEDCELL Mark belonged to Defendants, that allegation is denied.

171.    Denied.

172.    Plaintiffs admit that the products they sell are similar to, and/or competitive with those sold by Defendants.  To the extent Paragraph 172 suggests that the SPEEDCELL Mark belonged to Defendants, that allegation is denied.

173.    Denied.

174.    Denied.

175.    Denied.

176.    The allegations contained within Paragraph 176 of the Counterclaim include conclusions of law to which no response is required.  To the extent that the allegations contained within this paragraph are factual in nature, the allegations are denied.

177.    Denied.

178.    The allegations contained within Paragraph 178 of the Counterclaim include conclusions of law to which no response is required.  To the extent that the allegations contained within this paragraph are factual in nature, the allegations are denied.

179.    Plaintiffs hereby incorporate their answers to Paragraphs 1-178 of the Counterclaim as if fully stated herein.

180.    Plaintiffs admit that that the SPEEDCELL Mark is distinctive and famous.  All other allegations are denied.

181.    Denied.

182.    Denied.

183.    The allegations contained within Paragraph 183 of the Counterclaim include conclusions of law to which no response is required.  To the extent that the allegations contained within this paragraph are factual in nature, the allegations are denied.

184.    Denied.

185.    Denied.

186.    The allegations contained within Paragraph 186 of the Counterclaim include conclusions of law to which no response is required.  To the extent that the allegations contained within this paragraph are factual in nature, the allegations are denied.

187.    Plaintiffs hereby incorporate their answers to Paragraphs 1-186 of the Counterclaim as if fully stated herein.

188.    The allegations contained within Paragraph 188 of the Counterclaim include conclusions of law to which no response is required.  To the extent that the allegations contained within this paragraph are factual in nature, the allegations are denied.

189.    Admitted.   To the extent Paragraph 189 suggests that the SPEEDCELL Mark belonged to Defendants, that allegation is denied.

190.    Denied.

191.    Denied.

192.    Denied.

193.    Denied.

194.    Denied.

195.    The allegations contained within Paragraph 195 of the Counterclaim include conclusions of law to which no response is required.  To the extent that the allegations contained within this paragraph are factual in nature, the allegations are denied.

196.    The allegations contained within Paragraph 196 of the Counterclaim include conclusions of law to which no response is required.  To the extent that the allegations contained within this paragraph are factual in nature, the allegations are denied.

197.    Plaintiffs hereby incorporate their answers to Paragraphs 1-196 of the Counterclaim as if fully stated herein.

198.    Denied.

199.    Plaintiffs admit that Defendants are improperly using the SPEEDCELL Mark in the course of selling and advertising motorcycle batteries in the Commonwealth but specifically deny that the marks belong to Defendants.

200.    Plaintiffs admit the allegations contained within Paragraph 200 to the extent that, as owner of the SPEEDCELL Mark, Plaintiffs do not need license, consent, or other authorization from the Defendants.

201.    Plaintiffs admit the allegations contained within Paragraph 201 to the extent that, as owner of the SPEEDCELL Mark, Plaintiffs do not need license, consent, or other authorization from the Defendants.  All other allegations in this Paragraph are denied.

202.    Denied.

203.    Denied.

204.    Denied.

205.    Denied.

206.    Denied.

207.    The allegations contained within Paragraph 207 of the Counterclaim include conclusions of law to which no response is required.  To the extent that the allegations contained within this paragraph are factual in nature, the allegations are denied.

208.    Denied.

209.    Plaintiffs hereby incorporate their answers to Paragraphs 1-208 of the Counterclaim as if fully stated herein.

210.    Mr. Levitt and Mr. Kauffman were working together as early as August 2008. Plaintiffs are without sufficient information to admit or deny whether Mr. Kauffman has been continuously selling batteries since August 2008, but Plaintiffs state that Mr. Kauffman is known in the industry to have production problems and to fail to produce batteries as requested or agreed with distributors and customers.   To the extent Paragraph 210 suggests that the SPEEDCELL Mark belonged to Defendants, that allegation is denied.

211.    Denied.

212.    Denied.

213.    Denied.

214.    Plaintiffs admit that they are aware of one instance in which a customer stated he purchased a battery from Plaintiffs believing that he was purchasing a battery from Mr. Kauffman.  Upon receiving the battery, the customer stated to Mr. Levitt that he was very happy with the product.  The customer later posted to an internet forum that he believed he had purchased the battery from Mr. Kauffman.  Mr. Levitt stated that he would allow the customer to return the battery for a refund, but the customer refused to do so.  The customer never stated to Mr. Levitt that he was unhappy or dissatisfied with the battery in any way.  All other allegations in this paragraph are denied.

215.    Denied.

216.    Denied.

217.    Plaintiffs hereby incorporate their answers to Paragraphs 1-216 of the Counterclaim as if fully stated herein.

218.    Denied.

219.    Denied.

220.    Denied.

221.    Denied.

222.    Denied.

223.    Denied.

224.    The allegations contained within Paragraph 224 of the Counterclaim include conclusions of law to which no response is required.  To the extent that the allegations contained within this paragraph are factual in nature, the allegations are denied.

225.    Plaintiffs hereby incorporate their answers to Paragraphs 1-224 of the Counterclaim as if fully stated herein.

226.    Plaintiffs admit the allegations contained within Paragraph 201 to the extent that as owner of the SPEEDCELL Mark Plaintiffs do not need permission or authority to use the Mark. All other allegations in this paragraph are denied.

227.    Admitted.

228.    The allegations contained within Paragraph 228 of the Counterclaim include conclusions of law to which no response is required.  To the extent that the allegations contained within this paragraph are factual in nature, the allegations are denied.

229.    Denied.

230.    The allegations contained within Paragraph 230 of the Counterclaim include conclusions of law to which no response is required.  To the extent that the allegations contained within this paragraph are factual in nature, the allegations are denied.

231.    The allegations contained within Paragraph 231 of the Counterclaim include conclusions of law to which no response is required.  To the extent that the allegations contained within this paragraph are factual in nature, the allegations are denied.

232.    Plaintiffs hereby incorporate their answers to Paragraphs 1-231 of the Counterclaim as if fully stated herein.

233.    Admitted.

234.    The allegations contained within Paragraph 234 of the Counterclaim include conclusions of law to which no response is required.  To the extent that the allegations contained within this paragraph are factual in nature, the allegations are denied.

235.    Paragraph 235 of the Counterclaim does not contain any factual allegations to which a response is required.  To the extent that any factual allegations are contained in Paragraph 235, they are denied.

236.    Paragraph 236 of the Counterclaim does not contain any factual allegations to which a response is required.   To the extent that any factual allegations are contained in Paragraph 236, they are denied.

237.    Plaintiffs hereby incorporate their answers to Paragraphs 1-236 of the Counterclaim as if fully stated herein.

238.    Denied.

239.    Denied.

240.    Denied.

241.    Any allegation not specifically admitted or denied is expressly denied.

### First Affirmative Defense

Defendants' Counterclaims are barred because Defendants' are not the owners of any of the rights asserted in their Counterclaims, including, but not limited to, the SPEEDCELL Mark and the SPEEDCELL S logo.  Plaintiff Levitt developed and paid for the SPEEDCELL Mark and SPEEDCELL S Mark and logo.

### Second Affirmative Defense

The Counterclaims fail to state a claim upon which relief may be granted.

### Third Affirmative Defense

Defendants counterclaims are barred by the doctrine of unclean hands.

### Fourth Affirmative Defense

Defendants have not suffered any recoverable damages.

### Fifth Affirmative Defense

Defendants' counterclaims are barred, in whole or in part, by failure of consideration and/or lack of mutuality of obligation.

## Sixth Affirmative Defense

Defendants' counterclaims are barred, in whole or in part, for failure to mitigate any alleged damages.

## Seventh Affirmative Defense

Defendants' counterclaims are barred by waiver, laches, and/or estoppel.

## Eighth Affirmative Defense

Defendants' counterclaims are barred, in whole or in part, by the failure of the parties to agree on definite, material terms.

## Ninth Affirmative Defense

Defendants' counterclaims are barred, in whole or in part, by the doctrines of privilege and justification.

## Tenth Affirmative Defense

Defendants' counterclaims are barred, in whole or in part, by impossibility, impracticability, frustration of purpose, and superseding or intervening causes.

## Eleventh Affirmative Defense

To the extent Defendants allege a breach of contract, Defendants' counterclaims are barred their own material breach of the contract.

## Twelfth Affirmative Defense

Defendants may not recover any damages on their counterclaims because Plaintiffs did not proximately cause any such damages.

## Thirteenth Affirmative Defense

Defendants may not recover on their counterclaims due to their own negligence, tortious conduct and/or breach of applicable duties.

## Fourteenth Affirmative Defense

Defendants may not recover on their counterclaims because any such recovery would unjustly enrich Defendants.

## Fifteenth Affirmative Defense

Defendants may not recover on their counterclaims because Plaintiffs are entitled to reductions and offsets arising from their own damages from Defendants' conduct.

Plaintiffs reserve the right to assert additional affirmative defenses to the extent more become apparent through discovery.

WHEREFORE, Plaintiffs demand that the Counterclaim be dismissed with prejudice and that costs of the action and attorneys fees be assessed against Defendants.


Respectfully submitted,

**BRYAN CAVE LLP**

/s/ Jennifer M. Kies_____

Jennifer M. Kies (VSB #73102)
1155 F Street, NW
Washington, DC  20004
Tel.:  (202) 508-6044
Fax:  (202) 508-6200
jennifer.kies@bryancave.com
Dated:  June 4, 2010                *Counsel for Plaintiffs Jason Levitt and Full Spectrum Power*

Of Counsel:

Alec W. Farr
BRYAN CAVE LLP
1155 F Street, N.W., Suite 700
Washington, D.C.  20004
Tel.: (202) 508-6053
Fax:  (202) 508-6200
awfarr@bryancave.com

## CERTIFICATE OF SERVICE

I hereby certify that on the 4th day of June 2010, I caused the foregoing to be electronically filed with the Clerk of Court using the CM/ECF system, which will then send a notification of such filing (NEF) to the following:

Attison L. Barnes, III, Esq.
WILEY REIN LLP
1776 K Street, N.W.
Washington, DC 20006
Tel.: (202) 719-7000
Fax: (202) 719-7049
abarnes@wileyrein.com
*Counsel for Defendants/Counterclaimants*


/s/ Jennifer M. Kies

Jennifer M. Kies (VSB #73102)
1155 F Street, NW
Washington, DC 20004
Tel.: (202) 508-6044
Fax: (202) 508-6200
jennifer.kies@bryancave.com
*Counsel for Plaintiffs Jason Levitt and Full Spectrum Power*