**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Alexandria Division**

| | | |
|---|---|---|
| **JASON LEVITT** and | : | |
| **FULL SPECTRUM POWER, LLC,** | : | |
| | : | |
| Plaintiffs, | : | |
| | : | |
| v. | : | Civil Action No. 1:10-cv-296 (AJT/IDD) |
| | : | |
| **JOSHUA KAUFFMAN** and | : | |
| **NAVITUS GROUP, LLC,** | : | |
| | : | |
| Defendants. | : | |
| _____ | : | |

**PLAINTIFF'S MEMORANDUM IN RESPONSE TO SUPPLEMENTAL
MEMORANDUM IN SUPPORT OF MOTION TO COMPEL**

**I.   Introduction**

Other than certain discovery requests which seek information which has no relevance to the allegations in this case, the plaintiffs have fully responded to the discovery requests and the Motion should be denied. The current Motion is without basis, and is not made in compliance with Local Rule 37(E). The Memorandum fails to include any statement of an in person or telephonic effort to resolve the dispute.

**II.   Background**

This suit centers around a trademark dispute and defamation claim arising out of the use of off-the-shelf component parts assembled for use as batteries for motorcycles. No special or unique technology is involved in these products, and the product can be assembled without any special tools or technical skills. In 2008 and 2009, the parties were negotiating a relationship for the assembly and distribution of the batteries. At that time the defendant stated:

> I am grateful & as I have said before.. I could not have done
> this without you, nor am I interested in continuing without you
> as you have been & are vital to what I am doing.

<u>See</u>, Emails attached hereto as Exhibit 1.  Contrary to the allegations made by the defendant, there was an understanding that Jason Levitt, Full Spectrum, would be the sole distributors of the battery.  In an email dated January 21, 2009, Joshua Kauffmann stated, "I love the idea of you being the sole distributor and handling all that is involved... so please dont [sic] read into what my concerns are."  <u>See</u>, Exhibit 1.  It was understood that Jason Levitt would be forming his own limited liability company for the distribution.  Mr. Kauffmann stated, "I understand you are forming your own LLC for distribution..."  <u>See</u>, Exhibit 1.

Despite this understanding that the plaintiff would be the sole distributor of the product, defendant now contends in his motion that there was no sole distributorship agreement and the plaintiff was only a "part time East Coast battery distributor."  <u>See</u>, Supplemental Memorandum, p. 1.

### III.   The Motion to Compel Should be Denied

The current motion complains about a number of different discovery issues.  They can be categorized into two areas.  First are the objections to interrogatories and requests to produce dealing with confidential and irrelevant information concerning the plaintiff's other employers, and the second concerns the adequacy of the responses.  As part of the irrelevant discovery, information is being sought concerning the name and address of employer, job title, immediate supervisors, and reasons why Mr. Levitt left prior jobs (Interrogatory No. 24), information concerning all jobs held by Mr. Levitt in 2008 and 2009 (Request No. 26), the amount of Mr. Levitt's monthly income for six months prior to leaving Booz Allen Hamilton (Interrogatory No. 25) along with corresponding request for production

of documents for this information.  See, Requests No. 27 and 28.  What job duties Mr. Levitt may have had, his reasons for leaving Booz Allen, and the amount of his income have nothing to do with the issues concerning who created the SPEEDCELL logo, who paid for its creation, and who owned it.  Nor do they have anything to do with the batteries or quality of the batteries.  Rather, this is simply an effort to try to compel extraneous and irrelevant information.  This Court generally disfavors the disclosure of confidential information like the above, and has disfavored the production of tax returns.  See, e.g. *Eastern Auto Distributors, Inc. v. Peugeot Motors of America, Inc.*, 96 FRD 147.  "Rather a 'qualified' privilege emerges from the cases that disfavor the disclosure of income tax returns as a matter of general federal policy." *Id.*  Here, information concerning Mr. Levitt's other employment, his reasons for leaving that employment, and his income tax returns have nothing to do with the issues of the number of sales SPEEDCELL batteries or the income from SPEEDCELL batteries about which the defendant is now complaining.  Information concerning these sales has been produced.

Concerning the second issue, defendant complains that the document request is incomplete and non-responsive. The undersigned has confirmed with his client that, in fact, all documents responsive to the request have been produced, with the exception of one recently produced report.  However, to ensure that this is correct, and because of the fact that multiple attorney have been involved in this matter, a review is being conducted of all the documents that have been produced to ensure that everything that was turned over to the attorneys has been turned over in this litigation.  The one exception is a recently produced report concerning the safety of the batteries, establishing that there is no safety defect in the battery as alleged by the defendant. See, Report attached as Exhibit 2.

Finally, the Answers to Interrogatories are full and complete. If defendant is seeking additional detail, that information could be obtained from the appropriate deposition. The type of details that are requested is more of the type of information that would be obtained through deposition process as opposed to Answers to Interrogatories.

### IV.  Defendant Has Failed to Comply With Rule 37 (E)

Prior to filing the current Supplemental Memorandum, no effort was made on the part of counsel for the Defendant to contact the undersigned to see if the discovery request could be resolved. In fact, over the past week, letters, emails, and telephone calls have been placed by the undersigned to counsel for the defendant. Despite repeated requests, the first time Attison Barnes indicated that he could even pick up a telephone to discuss any discovery issues was Wednesday, September 1st, a week after the initial request had been made. Local Rule 37(E) requires as follows:

> Counsel shall confer to decrease, in every way possible, the filing of unnecessary discovery motions. No motion concerning discovery matters may be filed until counsel have conferred in person or by telephone to explore with opposing counsel the possibility of resolving discovery matters in a controversy. The court will not consider any motion concerning discovery matters unless the motion is accompanied by a statement of counsel that a good faith effort has been made between counsel to resolve the discovery matters at issue.

Here, the Supplemental Memorandum contains no such statement. The undersigned is not aware of any efforts, and there has been no statement of either in person or telephonic communication to explore the possibility of resolving discovery matters. For this reason alone, the Motion should be denied.

Respectfully submitted  
**JASON LEVITT**

                                     **FULL SPECTRUM POWER, LLC**
                                     By Counsel

**TRICHILO, BANCROFT, McGAVIN,**
**HORVATH & JUDKINS, P.C.**

/s/
Stephen A. Horvath, Esquire
Virginia State Bar No. 19133
3920 University Drive
Fairfax, Virginia  22030
Telephone:  (703) 385-1000
Facsimile:   (703) 385-1555
*Counsel for Plaintiffs and Defendants in*
*Counter-Claim, Jason Levitt and Full*
*Spectrum Power, LLC*

## CERTIFICATE OF SERVICE

     I hereby certify that a true and correct copy of the foregoing **Notice of Appearance** was served electronically, on this 31st day of August, 2010, to:

Attison Leonard Barnes, III
Wiley Rein LLP
1776 K St, NW
Washington, DC 20006
(202) 719-7000
202-719-7049 (fax)
abarnes@wileyrein.com

                                     /s/
                                     Stephen A. Horvath